# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | No. 2:05-cr-01323-DCN-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| DANIELLE BLAKE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to withdraw his guilty plea. Defendant Danielle Blake was indicted on December 16, 2005. The one-count indictment charged Blake with knowingly using, carrying, and possessing a firearm during and in relation to a drug trafficking crime and aiding and abetting another in the commission of this offense. Blake pled guilty to the indictment on September 25, 2006, pursuant to a written plea agreement he entered into with the government on September 13, 2006. The court subsequently sentenced Blake to three hundred months imprisonment on January 4, 2007 and entered judgment on January 26, 2007.

In April 2012, the court received two hand-written letters from Blake in which he asks to withdraw his previously entered guilty plea, claiming he was confused and misinformed about the nature and extent of his possible punishment. See Dkt. Nos. 82, 84. As Blake is appearing without the assistance of counsel, the court liberally construes his letters as a motion to withdraw his guilty plea. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). On July 19, 2012, the government filed a response in opposition.

Federal Rule of Criminal Procedure 11(d) provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but *before* it imposes sentence if

1

. . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B) (emphasis added). After the court imposes sentence, however, the defendant "may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack." Fed. R. Crim. P. 11(e).

"After a defendant has been sentenced, the district court has no authority to grant a motion to withdraw a guilty plea." United States v. Barnes, 358 F. App'x 412, 414 (4th Cir. 2009); see United States v. Vasquez, 121 F. App'x 17, 18 (5th Cir. 2004) (holding a defendant's "post-sentencing motion to withdraw his guilty plea was unauthorized and without jurisdictional basis"). "The only vehicles to challenge the validity of the plea after sentencing are by direct appeal or in a collateral attack." Barnes, 358 F. App'x at 414.

Here, Blake was sentenced on January 4, 2007. He appealed his sentence in January 2007, and the Fourth Circuit found no procedural error in this court's sentence. Thereafter, he did not move to withdraw his guilty plea until April 3, 2012—nearly six years after sentencing. Blake has not attempted to vacate his sentence by filing a motion under 28 U.S.C. § 2255. Accordingly, the court has no authority or basis upon which to grant Blake's motion to withdraw his guilty plea, and his motion is **DENIED**.[1]

    **AND IT IS SO ORDERED**.

---

[1] Even if the court construes Blake's letters as a *pre*-sentence motion to withdraw guilty plea, as the government appears to do in its response in opposition, his request lacks merit. Courts in the Fourth Circuit use six factors set forth in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991), to determine if withdrawal is justified under Rule 11(d). After reviewing the factors, the court concludes Blake cannot demonstrate a sufficiently "fair and just reason" to permit withdrawal of his guilty plea under this standard.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 16, 2012**
**Charleston, South Carolina**